BEER, Judge.
Plaintiff-appellee suffered minor injuries resulting from an accident in a store owned and operated by Schwegmann Brothers Giant Super Market, Inc. (hereafter, Schwegmann) and filed suit in Civil District Court, Parish of Orleans seeking judgment against Fireman’s Fund American Insurance Company (hereafter, Fireman’s) in the amount of $10,475.00, alleging that they were the insurer of Schweg-mann at the time of the accident. (She did not sue Schwegmann).
Defendant-appellant filed an answer which contained a clarifying opening statement to the effect that Associated Indemnity Corporation of San Francisco (hereafter, Associated) having been incorrectly cited as Fireman’s Fund American Insurance Company was, nevertheless, answering the petition. In the numbered paragraphs of the answer the allegations with respect to liability and coverage were denied.
Issue joined, the matter was set for trial. In its “Pre Trial list of Witnesses and Documents” defendant-appellant listed, inter alia, “Certified copy of policy of insurance issued by defendant Associated to Schwegmann Brother Giant Super Market, Inc.” This pre trial document was apparently submitted to opposing counsel and to the court at the pre trial conference of January 31, 1974. Trial was held on May 16, 1974 in the course of which a “true certified copy” of Associated’s policy Number LP 130 83 60 was offered, introduced and received in evidence in accordance with a joint stipulation. Specifically, both counsel stipulated to the introduction and admission of “the policy of insurance issued by Associated Indemnity Corporation of San Francisco to Schwegmann Brothers *183 Giant Super Market, Inc.” The court asked if the policy itself was being filed' and was answered in the affirmative. The certified copy was then admitted into evidence in accordance with the stipulation and marked “D-l.” The duly stipulated and admitted policy contains the following provision entitled “Deductible Liability Insurance (G604)
“It is agreed that:
“1. The Company’s obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on behalf of the insured applies only to the amount of damages in excess of any deductible amounts stated in the schedule below as applicable to such coverages.
“2. The deductible amounts stated in the schedule apply as follows:
“(a) PER CLAIM - BASIS — If the deductible is on a ‘per claim’ basis, the deductible amount applies under the Bodily Injury Liability or Property Damage Liability Coverage respectively, to all damages because of bodily injury sustained by one person, or to all property damage sustained by one person or organization, as the result of any one occurrence.
“(b) PER OCCURRENCE BASIS — If the deductible is on a ‘per occurrence’ basis, the deductible amount applies under the Bodily Injury Liability or Property Damage Liability Coverage, respectively, to all damages because of all bodily injury or property damage as the result of any one occurrence.
“3. The terms of the policy including those with respect to (a) the Company’s rights and duties with respect to the defense of suits and (b) the insured’s duties in the event of an occurrence apply irrespective of the application of the deductible amount.
“4. The Company may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, the named insured shall promptly reimburse the Company for such part of the deductible amount as has been paid by the Company.
“SCHEDULE
“COVERAGE BODILY INJURY LIABILITY AMOUNT AND BASIS OF DEDUCTIBLE $ , PER CLAIM | >,uuu. pER OCCURRENCE”
Thereafter, on June 28, 1974 the trial court, without written reasons, rendered judgment in favor of plaintiff-appellee and against Associated in the sum of $2,440.00 plus interest and costs.
We reverse. The judgment is not consistent with the pleadings and the uncon-troverted evidence. Associated, having denied coverage in its answer, produced, without objection, evidence fully supportive of that contention in the form of the certified true copy of the policy and its applicable provisions.
Whether counsel for appellant intended it or not, the coverage issue was raised in defendant’s pleadings by its denial of that paragraph of plaintiff’s petition alleging coverage. Thereafter, the defensive position of no coverage was unalterably proven by the joint introduction (by stipulation, without any conditions) of the certified copy of the policy.
*184 Thus, the issue of non coverage for any liability up to $5,000.00 was effectively raised in the pleadings and, thereafter, proven by the evidence.
LSA-C.C.P. Article 1154 is inapposite since the issue of coverage was raised in the pleadings. The policy was included in Associated’s pre trial note of evidence and, by mutual consent, stipulated into evidence. The coverage issue was not “tried” by express or implied consent of the parties, any need for trial of that issue being obviated by the joint stipulation.
The record requires us to conclude that there is no basis for judgment to be rendered against Associated Indemnity Corporation of San Francisco for any amount up to the $5,000.00 deductible.
The judgment is reversed. Plaintiff-ap-pellee’s suit is dismissed, each party to this appeal to pay its own costs.

Reversed.